## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| Jane Doe, a minor, by and through John Doe and Janet Doe, her parents, natural guardians, and next friends, | |
|     Plaintiff, | Civil Action No. _____ |
| v. | |
| LAMAR COUNTY SCHOOL DISTRICT; STEPHEN BOYD, in his Individual and Official Capacity; TIMOTHY JONES, in his Individual and Official Capacity; and JUAN DIAZ, in his Individual and Official Capacity, | |
|     Defendants. | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Jane Doe, a minor, by and through John Doe and Janet Doe, her parents, natural guardians, and next friends ("Plaintiff"), and file her Complaint against Defendants Lamar County School District, Stephen Boyd, in his Individual and Official Capacity, Timothy Jones, in his Individual and Official Capacity, and Juan Diaz, in his Individual and Official capacity, showing the Court as follows:

## <u>PARTIES, JURISDICTION and VENUE</u>

1.     Jane Doe[1] is a minor and resident of Lamar County, Georgia, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

---

[1] Plaintiff has filed a Motion for Leave to Proceed Under Pseudonym for the sole purpose of protecting her identity and privacy as a minor and victim of sexual assault in this highly personal and sensitive matter. To further protect her privacy interest, this also necessitates her parents proceeding under pseudonym as well.

2.    John Doe is resident and citizen of Lamar County, Georgia, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

3.    Janet Doe is resident and citizen of Lamar County, Georgia, and by the filing of this Complaint submits to the jurisdiction and venue of this Court.

4.    John and Janet Doe are the parents, natural guardians, and next friends of Jane Doe and bring this suit on her behalf.

5.    At all relevant times to this action, Jane Doe was a minor and a student attending Lamar County Middle School (hereinafter "LCMS") located in Barnesville, Lamar County, Georgia.

6.    Lamar County Middle School is a public middle school located within the School District known as Lamar County School District and was at all relevant times a recipient of federal funds within the meaning of, and therefore subject to, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* (hereinafter "Title IX").

7.    Defendant Lamar County School District (hereinafter "LCSD") is a political subdivision (i.e., School District) of the State of Georgia created pursuant the Georgia Constitution, Article VIII, § 5, paragraph 1 and 2, and O.C.G.A. § 20-2-50 for the purpose of providing public education to school age children residing within the geographical boundaries of Lamar County, Georgia. Defendant LCSD is subject to the jurisdiction of this Court and may be served with process through its Superintendent, Dr. Jessica Watson., at 100 Victory Lane, Barnesville, Georgia 30204.

8.    At all relevant times to this action, Defendant LCSD was responsible for the policies, practices, and regulations of LCMS.

9.    Defendant Stephen Boyd is a resident and citizen of Upson County, Georgia, and may be served with process at his last known address of 119 Sherwood Drive, Thomaston, Georgia 30286.

10.   Defendant Boyd, at all times relevant to this lawsuit, was the Principal of LCMS.

11.   Defendant Timothy Jones is a resident and citizen of Spalding County, Georgia, and may be served with process at his place of work at LCMS, 100 Burnette Road, Barnesville, GA, 30204, or his last known address of 1201 Chardonnay Lane, Griffin, GA 30223.

12.   Defendant Jones, at all times relevant to this lawsuit, was a physical education teacher for LCMS.

13.   Defendant Juan Diaz is a resident and citizen of Lamar County, Georgia, and may be served with process at Lamar County High School, 1 Trojan Way, Barnesville, GA 30204, or his last known address of 200 Southland Drive, Apt H2, Barnesville, GA.

14.   At all relevant times, Defendant Diaz was physical education teacher at LCMS.

15.   The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law, specifically, claims pursuant to 20 U.S.C. § 1681 *et seq.* and 42 U.S.C. § 1983.  Jurisdiction is also appropriate pursuant to 28 U.S.C. § 1343(a)(3) & (4) because Plaintiff seeks redress and damages for deprivation of civil and federal rights under 42 U.S.C. § 1983.

16.   The Court also has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

17.     The Court has venue of this action pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the subject claims occurred in Lamar County, Georgia, which is situated within the district and divisional boundaries of the Macon Division of the Middle District of Georgia, and because one or more of the Defendants reside within said District and Division.

18.     All parties are subject to the jurisdiction of this Court.

## **FACTS**

19.     Plaintiff realleges and incorporates paragraphs 1 through 18 of this Complaint by reference with the same force and effect as if fully set forth herein.

20.     At all times relevant to this Complaint, Jane Doe was an 11-year-old student at Lamar County Middle School.

21.     Jane Doe has been diagnosed with multiple conditions including Learning Disability, Oppositional Defiant Disorder, Attention Deficit Hyperactive Disorder, and Generalized Anxiety Disorder.

22.     Because of these multiple conditions, Jane Doe operates at a cognitive and emotional level much below her age and requires special education services.

23.     At all times relevant to this Complaint, James Smith[2] was a 13-year-old male student at LCMS.

24.     In January 2023, Smith began sending Jane Doe inappropriate and sexually explicit messages via the Roblox app.

25.     These messages included explicit statements such as "I want to touch your butt" and "You are going to need to bring an extra pair of underwear to school."

---

[2] James Smith is a pseudonym for Jane Doe's attacker. The real identifies of James Smith and the Does are known to Defendants but unknown to the public at large for purposes of the sensitive matters set forth in this Complaint.

4

26.     Upon discovering these messages, on January 24, 2023 at 5:37 p.m., Janet Doe immediately emailed Defendant Boyd to report Smith's behavior.

27.     In her email to Defendant Boyd, Janet Doe conveyed her fear that her daughter would be sexually assaulted, described Jane Doe's vulnerabilities and disabilities, and requested that Jane Doe and Smith be separated and not have any overlapping classes.

28.     On January 24, 2023 at 7:49 p.m., Defendant Boyd responded and stated that "I will speak to my ESE lead and see where we can put either one of them so they are not in the same co-teach classes all day. I think I can have it done tomorrow and I will ensure they have new schedules."

29.     Defendant Boyd also made several promises to Janet Doe, stating "we will take care of it" and "we will find a way. Promise."

30.     As a result of the real and credible threat of sexual assault on Jane Doe, recognized by LCSD and Boyd, Defendant LCSD claims that a new schedule was enacted to separate Jane Doe from Smith.

31.     It is apparent that the claimed new schedule was not created, or if it was, it was not implemented.

32.     Under these purported new schedules, Jane Doe and Smith were supposed to be in different P.E. classes located in different locations and with different teachers.

33.     Defendant Jones and Defendant Diaz were responsible for ensuring that Jane Doe was not assaulted by Smith.  Upon information and belief, other teachers and employees of Defendant LCSD were responsible for ensuring that Jane Doe was not assaulted by Smith, and the identities of those individuals are known to Defendant LCSD.

34. On April 26, 2023, Smith was present on the soccer field with Jane Doe during a class period despite the alleged separation plan.

35. Defendant Boyd failed to properly institute a plan, or failed to properly ensure that the instituted plan was followed, to keep Jane Doe separate from Smith.

36. Defendants Jones and Diaz failed to properly ensure that the purported plan was followed to keep Jane Doe separate from Smith.

37. During this P.E. class, Smith deliberately kicked Jane Doe's soccer ball into the adjacent woods.

38. Smith had attempted this exact behavior in the past to lure Jane Doe into the woods, and Defendant LCSD was aware of this prior event.

39. Defendants LSCD and Boyd had knowledge that Smith had previously been sending pictures of his genitals to other students.

40. Before April 26, 2023, Defendants knew that Smith had plans to sexually assault Jane Doe, had sexually harassed other students, and utilized a soccer ball to try to lure Jane Doe into the woods to sexually assault her.

41. When Jane Doe went to retrieve the ball, Smith followed her into the woods.

42. Smith forcefully pulled down both her pants and underwear and sexually assaulted Jane Doe.

43. Jane Doe became overwhelmed with fear, froze, and was unable to move or call for help.

44. Two female students witnessed the incident from the soccer field and observed Jane Doe with her clothing around her ankles.

45.    These two students called out for Jane Doe, who then pulled up her pants, pulled down her shirt, and walked back to the field.

46.    The witnesses reported that Jane Doe seemed to be in a state of shock when she returned to the field.

47.    Upon information and belief, the incident was reported to a teacher at LCMS who reported the incident to Ms. Walker, LCMS's counselor.

48.    On April 27, 2023, Ms. Walker questioned Jane Doe about the assault without parental notification or consent.

49.    On April 27, 2023 at 5:54 P.M, approximately 32 hours after the incident, Ms. Walker notified Jane Doe's mother of the sexual assault.

50.    LCMS failed to report the incident to the Division of Family and Children Services as required by mandatory reporting laws.

51.    LCMS failed to suspend, expel, or meaningfully discipline Smith for the assault.

52.    Prior to the incident, Smith got into a physical altercation with Jane Doe's cousin because Smith was harassing Jane Doe, which was known to Defendant LCSD.

53.    As a direct result of Defendants' actions or inactions, Jane Doe suffered severe psychological trauma.

54.    Jane Doe regressed significantly in her basic self-care and refused to shower or brush her teeth.  The significant trauma from this event has had a tremendous negative impact on almost every aspect of Jane Doe's life, to include both waking and sleeping hours.

55.    Jane Doe has episodes of crying or screaming.

56.    Jane Doe struggles to understand why she was assaulted, asking her mother why Smith did this to her.

57. Doe lives in terror of wooded areas and has recurring nightmares about the incident.

58. Doe does not want to live in a house near trees because "bad things happen in the woods."

## CAUSES OF ACTION

### Federal Claims

### Count I – Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* – as to Defendant LCSD and Official Capacities of Defendants Boyd, Jones, and Diaz

59. Plaintiff realleges and incorporates paragraphs 1 through 58 of this Complaint by reference with the same force and effect as if fully set forth herein.

60. Defendant LCSD is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX.

61. Title IX prohibits any educational institution that receives Federal financial assistance from discriminating against, excluding from participation in education, or denying the benefits of education, on the basis of sex.

62. Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. §1681(a) states in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .

63. Title IX provides victims of sexual harassment, such as Jane Doe, a private cause of action against school systems that receive Federal financial assistance for the sexual harassment.

64. Defendant LCSD, by and through its Board of Education, established, operated and maintained a public school system for school aged children of a defined area within Barnesville, Lamar County, Georgia.

65.　Defendant LCSD has waived sovereign immunity, pursuant to 42 U.S.C. § 2000d-7(a)(1), by accepting Federal financial assistance.

66.　At all relevant times to this suit, Defendant Boyd was Principal of LCMS and employed by Defendant LCSD.

67.　At all relevant times to this suit, Defendants Jones and Diaz were employed by Defendant LCSD.

68.　Defendant Boyd, and other individuals employed at Defendant LCSD, were appropriate persons who had actual knowledge of Smith's sexual harassment of Jane Doe and intent and efforts to sexually assault Jane Doe while she was enrolled as a student at LCMS.

69.　Specifically, Janet Doe informed Defendant Boyd that Smith had intentions of sexually assaulting Jane Doe.

70.　Defendants LSCD and Boyd knew that Smith had attempted to lure Jane Doe into the woods on a previous occasion, and they knew that Smith had sent sexually explicit materials to other students.

71.　Defendants had actual knowledge, or should have known, of Smith's prior sexual harassment of Jane Doe while she was enrolled as a student of LCSD and Smith's prior sexual harassment of other students of LCSD.

72.　Defendants Boyd, Jones, and Diaz, and other individuals employed at Defendant LCSD, were appropriate persons who had actual knowledge of the requirement that Jane Doe and Smith must be separated at all times.

73.   At all relevant times herein, Smith's conduct toward Jane Doe constituted sexual harassment, sexual exploitation, and sexual assault amounting to prohibited sex discrimination under Title IX.

74.   Smith's sexual assault of Jane Doe was unwelcome and created an intimidating and offensive school environment and resulted in the violation of Title IX (20 U.S.C. § 1681 et seq.).

75.   Despite having such actual knowledge of sexual harassment and exploitation of Jane Doe while she was enrolled as a student of LCSD, Defendants deliberately and recklessly failed to maintain preventative measures to ensure the protection of Jane Doe and to stop the harassment and sexual assault.

76.   Through its actions and inaction, Defendants were deliberately indifferent to the sexual harassment and exploitation that Jane Doe suffered at LCMS and proximately caused severe injuries to Jane Doe.

77.   Defendants' deliberate indifference is demonstrated by their failure to follow up on their promised plan to protect Jane Doe and separate her from a known sexual predator, by failure to take preventive actions in light of a previous attempt by Smith to assault Doe, and by failure to discipline, stop, or otherwise remove Smith from the school for his sexual behavior.

78.   Defendants' willful failure to address Smith's actions emboldened him and directly permitted and allowed Smith to continue his attempts to sexually assault Jane Doe until he was successful in doing so.

79.   Defendants' deliberate indifference is further demonstrated by their failure to report the sexual assault to the authorities, their decision to wait over 24 hours before reporting

the assault to Jane Doe's parents, and their failure to take meaningful disciplinary action against Smith.

80.    As a result of Defendants' deliberate indifference, Jane Doe was subjected to a sexual assault by Smith.

81.    Defendants' failure to take any meaningful corrective action to remediate the sexual harassment and hostile educational environment that Jane Doe experienced was clearly unreasonable in light of the known circumstances.

82.    The sexual harassment and sexual assault Smith inflicted on Jane Doe was severe, pervasive, and objectively offensive, and effectively barred Jane Doe's access to educational opportunities and benefits.

83.    The sexual harassment and exploitation of Jane Doe while she was enrolled as a student of LCSD had an immediate and adverse effect on Jane Doe's access to education.

84.    Jane Doe was unable to return to school as a result of the aftereffects of her sexual assault, and she has been deprived of the learning opportunities promised to her by LCSD.

85.    The sexual harassment and exploitation of Jane Doe while she was enrolled as a student of LCSD had an immediate and adverse effect on her socially and academically.

86.    As a direct and proximate result of Defendants' failure to take preventative measures to ensure the protection of Jane Doe and other students, Jane Doe suffered significant mental, emotional, and psychological harm, was forced to endure extreme emotional distress, and was subjected to a hostile school environment.

87.    Defendants failed to adhere to their obligations under Title IX and are therefore liable to Jane Doe under Title IX for damages to compensate her for the physical and

emotional injuries and damages she suffered as well as other special general damages incurred and are likely to incur as a result of Defendant's violations of Title IX.

### Count II: Violation of 42 U.S.C. § 1983– as to Defendant LCSD and Official and Individual Capacities of Defendants Boyd, Jones, and Diaz

88.    Plaintiff realleges and incorporates paragraphs 1 through 87 of this Complaint by reference with the same force and effect as if fully set forth herein.

89.    42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity...."

90.    At all times relevant to this action, Jane Doe had a fundamental, substantive constitutional liberty interest in her body integrity to be free from intrusion into her body, and the right to be free from the infliction of unnecessary pain that was protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

91.    Sexual harassment and sexual assault is a form of unlawful sex discrimination that can violate the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

92.    Jane Doe's Equal Protection rights were violated when she suffered sexual harassment and assault at LCMS.

93.    42 U.S.C. §1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against defendants who have acted under color of state law.

94.    At all times relevant to this action, Defendants LCSD, Boyd, Jones and Diaz were state actors acting under color of law and are subject to 42 U.S.C. §1983.

95.    Specifically, Principal Boyd, Timothy Jones, and Juan Diaz were acting as teachers and administrators pursuant to the authority given to them by Defendant LCSD as a school district in the State of Georgia at all times relevant to this lawsuit, to include their interactions with Jane Doe.

96.    Defendant Boyd, through a school-provided email address, was notified of and acknowledged Smith's prior sexual harassment and impending sexual assault of Jane Doe.

97.    Defendant Boyd, through a school-provided email address, promised to separate the two students.

98.    Defendant Boyd, in doing so, acted under color of state law.

99.    Defendant Boyd was fully informed of the risk of a sexual assault by Smith on Jane Doe.

100.    Despite having actual knowledge of the risk Smith posed to Jane Doe, Defendant Boyd failed to implement an effective plan to enforce the separation of Jane Doe and Smith.

101.    Despite having actual knowledge of the risk Smith posed to Jane Doe, Defendant Boyd failed to properly communicate the purported separation requirements to staff members, to include Defendants Jones and Diaz.

102.    Despite having actual knowledge of the risk Smith posed to Jane Doe, Defendant Boyd failed to monitor compliance with the purported separation plan.

103.    Despite having actual knowledge of the risk Smith posed to Jane Doe, Defendant Boyd failed implement appropriate disciplinary measures against Smith for his prior sexual

harassment of other students and prior attempt of sexual assault of Jane Doe, permitting and emboldening Smith to continue his sexual predation of other students.

104.   Despite having actual knowledge of the risk Smith posed to Jane Doe, Defendant Boyd failed to protect Jane Doe, a vulnerable student with known disabilities, from a documented harasser and known sexual threat.

105.   Defendants Jones and Diaz failed to implement or follow any separation plan or procedure implemented by Defendant Boyd.

106.   At all times, Defendant Jones and Diaz were acting under the color of state law.

107.   Defendant Jones and Diaz failed to protect and separate Jane Doe from her harasser and directly enabled Smith to isolate Jane Doe in the woods and sexually assault her.

108.   Defendants Boyd, Jones, and Diaz violated Jane Doe's constitutional right to be free from sexual assault, and this right was clearly established at the time of Defendants' violation of Jane Doe's rights.

109.   Defendant LCSD also failed to train its administrators, staff, students and parents despite the plainly obvious need for training on, among other things, student-against-student sexual misconduct and identifying, investigating, reporting, stopping, and remediating the effects of sexual harassment.

110.   Defendant LCSD had a duty under 42 U.S.C. § 1983 to implement policies and procedures to ensure compliance with its student's Title IX rights, and it failed to do so.[3]

111.   Defendant LCSD, while acting under color of law, maintained a policy or custom where Defendant LCSD made a deliberate or conscious decision to not train or improperly

---

[3] Plaintiff does not bring a Title IX claim, or a 42 U.S.C. 1983 claim based on Title IX, against Defendants Boyd, Jones, or Diaz in their individual capacities.

train its employees in implementing preventative and supportive measures regarding incidents of sexual harassment or abuse to restore or preserve equal access to LCMS educational program, rendering Defendant LCSD deliberately indifferent to Jane Doe's federally guaranteed rights.

112. Defendant LCSD's obvious need to train its employees and its failure to train its employees in providing preventive and supportive measures required by law or failure to require its employees to implement their training is evidenced by the complete and utter lack of response to Jane Doe's needs, to include failing to properly implement a separation plan, failure to address Smith's previous behaviors that would have prevented the sexual assault, failure to notify Janet or John Doe prior to interviewing Jane Doe about the assault, failure to notify Janet or John Doe about the assault immediately upon the report, failure to notify the authorities regarding the sexual assault, and failure to penalize, suspend, or expel Smith for his behavior.

113. Defendant LCSD's failure to train its administrators, staff, students, and parents effectively denied Ms. Doe's clearly established federal rights and Constitutional rights.

114. Janet Doe reported the sexual harassment Jane Doe suffered by Smith prior to the assault of Jane Doe. Smith had also engaged in similar behavior with other students and LCSD and LCSD's staff were aware of this. Defendant LCSD, through Principal Boyd, had knowledge of the risk Smith posed to Jane Doe. Defendant LCSD had ample opportunity to train its employees to prevent future abuses against Jane Doe, and Defendant refused to do so.

115.    The need to train and supervise teachers such as Diaz and Jones to ensure students are safe from sexual harassment and exploitation is necessary and obvious, particularly given the ongoing harassment by Smith perpetrated against Jane Doe and other students.

116.    Defendants' custom or practice, described above, is so permanent and well settled as to constitute a custom and usage with the force of law, and Defendant LCSD's policy-makers  knew or should have known of Smith's pervasive and consistent pattern and practice of sexually harassing other students.

117.    Defendants, under color of law, failed to maintain or enforce policies, customs, practices, and training that prevent a violation of federal statutory and constitutional rights, rendering the Defendants deliberately indifferent to Jane Doe's federally guaranteed rights under Title IX and her liberty interest in her bodily integrity as protected by the substantive due process clause of the Fourteenth Amendment.

118.    The failure of Defendants to take adequate protective measures despite actual knowledge of the risk constitutes deliberate indifference to Jane Doe's constitutional rights to bodily integrity and equal protection.

119.    As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Jane Doe's suffered sexual harassment and assault, mental anguish, and a denial of education benefits in connection with the deprivation of her federal statutory rights guaranteed under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, the substantive due process clause of the Fourteenth Amendment and protected by 42 U.S.C. § 1983.

120.    Defendants' actions and inactions were the moving force behind the violation of Jane Doe's protected rights.

121.    Plaintiff is therefore entitled under 42 U.S.C. §1983 to recover from Defendants special, general, and compensatory damages in an amount to be proven at trial.

### State Law Claims
### (Against Defendants Boyd, Jones, and Diaz)

### Count III– Negligence/Negligence *per se*

122.    Plaintiff realleges and incorporates paragraphs 1 through 121 of this Complaint by reference with the same force and effect as if fully set forth herein.

123.    At all times relevant herein, Defendants Boyd, Jones, and Diaz, in their individual capacities, owed a duty of ordinary care requiring that they exercise that degree of care that a similarly situated reasonable person would exercise under same or similar circumstances.

124.    The acts and omissions of Defendants Boyd, Jones, and Diaz set forth herein amount to a breach of said duty, which are actionable as negligence under Georgia law.

125.    In addition to his failure to exercise ordinary care in general, Defendants Boyd, Jones, and Diaz were negligent *per se* in that they violated several laws and statutes of the State of Georgia.

126.    Defendant LCSD has a policy or custom to separate students from known sexual threats.

127.    Defendant Defendants Boyd, Jones, and Diaz acted with deliberate indifference and/or actual malice in their decision to refuse to comply with and enforce Defendant LCSD's policy or custom to protect students from known sexual threats.

128.   Defendant LCSD's custom or policy was to separate potential sexual assault victims from their harassers by keeping them on different schedules, thereby eliminating the harasser's ability to sexually assault the victim.

129.   The custom or policy enacted for Jane Doe's benefit was simple, direct, and required no discretion or judgment to follow and comply with the policy.

130.   No discretion or supervision was necessary if Defendant LCSD's custom or policy were followed. The students would never cross paths, eliminating the need for supervision or discretion.

131.   Defendants Boyd, Jones, and Diaz failed to implement Defendant LCSD's policy or custom to protect potential victims of sexual assault by implementing a plan to protect Jane Doe, or, in the alternative, they were deliberately indifferent or acted with actual malice by ignoring the plan.

132.   As a direct and proximate result of the said misconduct, Jane Doe suffered significant psychological harm, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, entitling Jane Doe to an award of damages in an amount to be proven at trial.

**Count IV –PUNITIVE DAMAGES – Defendants Boyd, Jones, and Diaz in their Individual Capacities**

133.   Plaintiff realleges and incorporates paragraphs 1 through 132 of this Complaint by reference with the same force and effect as if fully set forth herein.

134.   Defendants' conduct—ignoring a known sexual assault threat to a minor child entrusted to their care and protection after promising the mother that her child would be protected—demonstrates willful misconduct, malice, fraud, wantonness, oppression, or

18

that entire want of care which would raise the presumption of conscious indifference to consequences.

135.    Plaintiff is entitled to an award of punitive damages against Defendants Boyd, Jones, and Diaz, in their individual capacities, pursuant to O.C.G.A. § 51-12-5.1.

136.    Defendants Boyd, Jones, and Diaz's conduct was outrageous and undertaken with reckless or callous indifference to the federally protected rights of Jane Doe.

137.    Such conduct warrants punitive damages pursuant to 42 U.S.C. §1983.

138.    Plaintiff is entitled to an award of punitive damages against Defendants Boyd, Jones, and Diaz pursuant to 42 U.S.C. §1983.

### Count V – ATTORNEY'S FEES – All Defendants

139.    Plaintiff realleges and incorporates paragraphs 1 through 138 of this Complaint by reference with the same force and effect as if fully set forth herein.

140.    By reason of the forgoing deliberate indifference and negligence, Defendants are liable for litigation expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

141.    Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

142.    Therefore, pursuant to O.C.G.A. §13-6-11, Plaintiff is entitled to the expenses of litigation, including reasonable attorney's fees.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial with respect to all issues so triable as a matter of right.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

   a)   That Defendants be served with a copy of Plaintiff's Summons and Complaint as required by law;

b) That this action be tried by a jury on all matters contained herein;

c) That judgment be entered in favor of the Plaintiff and against the Defendants;

d) That Plaintiff be awarded special damages, past and future, in an amount to be proved at trial;

e) That Plaintiff be awarded general damages, past and future, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

f) That Plaintiff be awarded pre- and post-judgment interest;

g) That Plaintiff be awarded punitive damages pursuant to 42 U.S.C. §1983 and O.C.G.A. § 51-12-5.1.

h) That Plaintiff be awarded attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988 and O.C.G.A. §13-6-11;

i) That all costs of this action be taxed against Defendants; and

j) That the Court award any additional or alternative relief as this Court deems just and proper.

This 17th day of April, 2025.

OLIVER MANER LLP

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 *facsimile*
bhunter@olivermaner.com
wdrought@olivermaner.com
kcobb@olivermaner.com

*/s/ William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
I. WILLIAM DROUGHT, III
Georgia Bar No. 411837
KATE DALY COBB
Georgia Bar No. 492780

487 Cherry Street, Suite 100
Macon, GA 31201
(478) 745-9097 Fax
david@dozierlaw.com

DOZIER LAW FIRM, LLC

DAVID DOZIER
Georgia Bar No. 228898

*Attorneys for Plaintiff*

## Certificate of Service

This is to certify that I have this day transmitted the foregoing document to a private

process server for purposes of personally serving Defendants.

This 17th day of April, 2025.

OLIVER MANER LLP

218 West State Street
P.O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
(912) 236-8725 *facsimile*
bhunter@olivermaner.com
wdrought@olivermaner.com
kcobb@olivermaner.com

*/s/ William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
I. WILLIAM DROUGHT, III
Georgia Bar No. 411837
KATE DALY COBB
Georgia Bar No. 492780

DOZIER LAW FIRM, LLC

487 Cherry Street, Suite 100
Macon, GA 31201
(478) 745-9097 Fax
david@dozierlaw.com

DAVID DOZIER
Georgia Bar No. 228898

*Attorneys for Plaintiff*